The opinion of the Court was delivered by
Dunkin, Ch.
It is proposed to add little to what is said in the Circuit decree. It was urged that Moon vs. Moon, 2 Strob. 'Eq. 327, was authority for a different view. That was also a will upon the construction of which diversity of opinion might well be entertained, and it was determined by a divided Court; But in that case land was given and slaves (by name.) The slaves (by name) were given over after the life estate, to be sold by the executors and the proceeds divided. No further disposition was made of the land. “ We think it very material to shew,” (said the Court) “ that these subjects were dis-joined, and given with a separate intention as to each; that, while the negroes are limited in remainder,-the testator makes no further mention of the land.” But in Robert Ridgill’s will no such disjunction is marked. There is no repetition of a part of the property before given, and a bequest over of that part. On the contrary, no intention is manifested to separate what is before given. “ The above to be and remain my wife’s and at her disposal her lifetime, and after her death to be James Ridgill’s.” Both real and personal property were included in the preceding gift to his wife. And, in a subsequent clause, he bequeaths to her, without qualification, “ all his notes, accounts and cash.”
Looking, as the Court is authorized to do, upon the cases cited, to the condition of the testator’s family, they are not prepared to say that any different construction would be more likely to effectuate the intention of the testator than that adopted by the Circuit Court. ' *
The appeal is dismissed.
Johnson and Wardlaw, CC., concurred,

Jippeal dismissed.